NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KHURRAM S.[1], | : | |
| | : | Civil Action No. |
| Petitioner, | : | 20-15584 (JMV) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WILLIAM BARR, | : | |
| | : | |
| Respondent. | : | |

**VAZQUEZ, District Judge:**

Petitioner, an immigration detainee, has filed an "Emergency Petition for a Writ" under the All Writs Act, 28 U.S.C. § 1651(a). (D.E. 1.) Petitioner seeks a writ to stay his final order of removal. For the reasons stated below, the Court dismisses the Petition for lack of jurisdiction.

**I.    BACKGROUND**

Petitioner is a citizen of Pakistan and was a permanent resident of the United States. On October 7, 2005, in New York state court, Petitioner was convicted of third-degree grand larceny. (*Id*. at 2.) Petitioner contends that his attorney erroneously advised him that "his mere presence" in a car with stolen property "made him guilty," and induced him to enter a plea. (*Id*.)

Petitioner filed a motion to vacate that conviction on November 10, 2020, which remains pending. According to Petitioner, that judgment "will certainly be vacated" and it had formed the

---

[1] The Petitioner is identified herein only by his first name and the first initial of his surname in order to address certain privacy concerns associated with immigration cases. The identification of Petitioner in this manner comports with recommendations made by the Judicial Conference of the United States' Committee on Court Administration and Case Management.

basis for his removal order. (*Id.*)  Although Petitioner offers no further details during the intervening fifteen-year period, the Court takes judicial notice of the procedural history in Petitioner's other case, *Khurram I*, Civ. No. 20-14807, which primarily challenges the conditions of his confinement.

In *Khurram I*, the Government provides Petitioner's extensive subsequent criminal history which involved, among other things, numerous drug offenses, gambling offenses, driving under the influence, and unlawful possession of weapons charges. (*See Khurram I*, Civ. No. 20-14807, D.E. 10, at 12–14.)  More importantly, the Government provides that on November 8, 2016, an immigration judge denied Petitioner's applications for relief and ordered his removal to Pakistan. (*Khurram I*, Civ. No. 20-14807, D.E. 10-1, at ¶ 39.)  The Board of Immigration Appeals dismissed his appeal on December 6, 2017, and the Second Circuit dismissed his petition for review on September 10, 2020. (*Id.* at ¶¶ 39, 40, 43.)  Consequently, Petitioner has a final order of removal and is subject to detention pursuant to 8 U.S.C. § 1231.

Immigration and Customs Enforcement intends to remove Petitioner once it obtains travel documents from the Pakistani Consulate, but on four occasions in September, October, and November of 2020, Petitioner refused to speak with the consulate or complete his application for travel documents.  (*Id.* at ¶¶ 44, 47.)

On November 5, 2020, Petitioner filed the instant Petition, seeking a stay of his final order of removal pending the outcome of his motion to vacate his first grand larceny conviction in New York state court.

## II. ANALYSIS

As discussed, Petitioner requests that this Court stay his final order of removal. This Court, however, lacks jurisdiction to stay his removal or otherwise review the propriety of his November 8, 2016, final order of removal. The REAL ID Act provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and *1651 of such title*, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphases added).

Accordingly, this Court lacks jurisdiction to review a habeas petition challenging an order of removal. *See, e.g.*, *Urquiaga v. Hendricks*, No. 12-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. of United States*, 549 F.3d 235, 244–45 (3d Cir. 2008)); *see also Jordon v. Attorney Gen. of United States*, 424 F.3d 320, 326 (3d Cir. 2005) (finding that the REAL ID ACT "expressly eliminated district courts' habeas jurisdiction over removal orders").

Further, as the Third Circuit has held, § 1252(a)(5) eliminated "not only habeas corpus review of final orders of removal, but also review pursuant to the All Writs Act." *In re Codner*, 643 F. App'x 214, 218 (3d Cir. 2016) (citing 8 U.S.C. § 1252(a)(5)). Consequently, regardless of whether Petitioner characterizes his Petition as one under § 2241 or under the All Writs Act, 28 U.S.C. § 1651, this Court lacks jurisdiction to review the challenge to his order of removal.

Instead, § 1252(g) of the REAL ID Act, in conjunction with § 1252(a)(5), quoted above, effectively require petitioners to seek a stay administratively or in the Court of Appeals:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 [ (the All Writs Act) ] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

As a result, district courts throughout the country have found that the REAL ID Act bars them from "staying removal, even when the court might otherwise have jurisdiction over the claims." *See, e.g.*, *Mateo L. A. v. Nielson*, No. 19-6609, 2019 WL 1003408, at *2 (D.N.J. Feb. 28, 2019) (collecting cases); *see also Fermin v. United States*, No. 17-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order or a request for a stay of that Order could be entertained only by the Court of Appeals").

Accordingly, this Court lacks jurisdiction to stay Petitioner's final order of removal or otherwise hear a challenge to that order. *Fredy L. B. V. v. Barr*, No. 19-10528, 2019 WL 1772404, at *4 (D.N.J. Apr. 23, 2019).

### III.   CONCLUSION

For the reasons stated above, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order accompanies this Opinion.

Dated: 2/11/21

JOHN MICHAEL VAZQUEZ<br>
United States District Judge